PER CURIAM HEADING






                     NO. 12-04-00345-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


RICKY D. STARKS,                                           §     APPEAL FROM THE 7TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     SMITH COUNTY, TEXAS





MEMORANDUM OPINION
PER CURIAM
            Appellant was convicted of aggravated robbery, and sentence was imposed on September 8,
1995. Appellant filed a timely notice of appeal, and we affirmed his conviction on February 27,
1997. See Starks v. State, 12-95-00245-CR (Tex. App.–Tyler February 27, 1997, pet. ref’d).
            Appellant now attempts to appeal an order signed by the trial court on August 30, 2004,
denying the following motions filed by Appellant relating to his aggravated robbery sentence: (1)
Out of Time Motion for the Reduction of Time Sentence Based Upon Miscarriage of Justice and
Proof of Innocence; (2) Motion for Leave of the Court to Consider Out of Time Motion for the
Reduction of Time Sentence Based upon Miscarriage of Justice and Proof of Innocence; and (3)
Motion for the Setting of Submission and Hearing on Out of Time Motion for the Reduction of Time
Sentence Based Upon Miscarriage of Justice and Proof of Innocence. On November 15, 2004, we
notified Appellant that the order he seeks to appeal is not appealable. We further informed him that
the appeal would be dismissed unless the information received in the appeal were amended on or
before December 15, 2004 to show the jurisdiction of this Court. Although Appellant responded to
our notice, he has not shown the jurisdiction of this Court.
 
 
            A defendant in a criminal case has the right of appeal under Code of Criminal Procedure
article 44.02 and the Texas Rules of Appellate Procedure. Tex. R. App. P. 25.2(a)(2). Article 44.02
provides that “a defendant in any criminal action has the right of appeal under the rules hereinafter
prescribed. . . .” Tex. Code Crim. Proc. Ann. art. 44.02 (Vernon 1979). The Texas Supreme Court
has defined a “criminal case” as “an action, suit, or cause instituted to secure conviction and
punishment for crime.” Hankamer v. Templin, 187 S.W.2d 549, 550 (Tex. 1945) (citing Ex parte
Green, 116 Tex. 515, 295 S.W. 910, 912 (1927). It therefore follows that an order is not appealable
if it is not entered in a proceeding in which an accused has been found guilty of a crime and
punishment has been assessed. See, e.g., Hardin v. State, 157 Tex. Crim. 283, 284, 248 S.W.2d 487,
487 (1952). 
            Here, based upon a claim of innocence, Appellant seeks a reduction of the sentence assessed
in 1995. Because Appellant’s conviction became final in 1997, the order he challenges here does
not arise out of a criminal case or action. Therefore, the trial court’s August 30, 2004 order is not
appealable. Accordingly, the appeal is dismissed for want of jurisdiction.
Opinion delivered November 24, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
 







DO NOT PUBLISH